## Punch System.

*Automobiles—Punch system—Legality—Powers of State Highway Department—Acts of June 30, 1919, May 16, 1921, June 14, 1923, and April 27, 1925.*

1. The punch system adopted by the State Highway Department, by which members of the State Highway Patrol punch the license cards of persons licensed to operate automobiles whenever they believe that such persons have violated the laws governing the operation of motor-vehicles on the public highways, is not authorized by the Act of June 30, 1919, P. L. 678, as amended by the Acts of May 16, 1921, P. L. 582, June 14, 1923, P. L. 718, and April 27, 1925, P. L. 254, and is, therefore, illegal, and should be abandoned.

2. In dealing with registration certificates or license cards, the department cannot exceed the powers which the legislature has conferred upon it by statute.

3. While an officer in uniform who displays a badge or other sign of authority has the right to require motorists to exhibit registration certificates or operators' license cards, such officer has no right to mutilate, mark or punch such certificates or license cards, and immediately upon concluding his examination should return the registration certificate or license card to the person from whom he received it.

Department of Justice. Opinion to Hon. Benj. G. Eynon, Registrar of Motor Vehicles.

SCHNADER, Special Dep. Att'y-Gen., July 14, 1927.—We have your request to be advised whether members of the State Highway Patrol may lawfully punch the license cards of persons licensed to operate automobiles whenever they apprehend such persons in violations of the laws governing the operation of motor-vehicles on the highways of this Commonwealth.

### Punch System.

This question involves an inquiry into the powers of the members of the State Highway Patrol, as well as into the nature of an operator's license card and the property which the holder thereof enjoys therein.

The State Highway Patrol was created by the Department of Highways under its general authority to see that the laws governing the registration and operation of motor-vehicles within this Commonwealth are enforced. Accordingly, the powers of the members of the State Highway Patrol can rise no higher than the powers of the Department of Highways itself in dealing with owners and operators of motor-vehicles.

Under the Act of June 30, 1919, P. L. 678, as amended by the Acts of May 16, 1921, P. L. 582, June 14, 1923, P. L. 718, and April 27, 1925, P. L. 254, it is the duty of all resident owners of automobiles, before operating them on the highways of this Commonwealth, to register them with the Department of Highways; and the same act, as amended, prohibits persons (other than those holding learners' permits and non-residents, who are excepted under certain conditions) from operating motor-vehicles within this Commonwealth unless they have been specifically licensed by the Department of Highways so to do.

As evidence of the registration of a motor-vehicle with the Department of Highways, that department is required by the act mentioned and its amendments to issue an owner's registration certificate; and as evidence of the fact that an operator has been licensed to operate a motor-vehicle within this Commonwealth, the Department of Highways is required to issue to him or her an annual operator's license card.

These registration certificates and license cards merely evidence privileges conferred upon the lawful holders thereof by this Commonwealth, acting through the Department of Highways; but as long as the privilege is effective, the evidence thereof is, in our opinion, unqualifiedly the property of the person to whom the Department of Highways issued it. In dealing with this property, the Department of Highways cannot exceed the powers which the legislature has by statute conferred upon it.

An examination of the Act of 1919, as amended, renders it manifest that unless a registration or license has been revoked or suspended, the Department of Highways cannot compel the holder of a registration certificate or license card to surrender it, either to the department or to an employee thereof, except for the purpose of inspection. The law requires the operator of a motor-vehicle to "exhibit his registration certificate or license" to any constable, police officer, member of the State Police Force or designated officer of the Department of Highways who shall be in uniform and shall exhibit his badge or other sign of authority, and to "write his name in the presence of such officer, if so required, for the purpose of establishing his identity:" Section 26 of the Act of 1919, as amended by the Act of April 27, 1925, P. L. 280.

We are of the opinion that in requiring motorists to "exhibit" registration certificates and operators' license cards to officers who are in uniform and display their badges or other signs of authority, the legislature intended that such officers should have the privilege of examining manually the certificates or cards held by operators to the extent to which such examination is necessary to enable officers to read the certificates or cards and ascertain whether they appear to be genuine certificates or cards issued by the Department of Highways. An officer, however, does not have the right to mutilate, mark or punch a registration certificate or license card, whatever the purpose of such mutilation, marking or punching may be; and immediately upon con-

cluding his examination of the certificate or card, it is the officer's duty to return the same to the person from whom he received it.

On the back of operators' license cards issued for 1927, the Department of Highways caused to be printed the following:

"A good operator keeps his card free from punches."

"Highway Patrolmen will punch your card for law violations."

Appropriate marks are then provided to guide Highway Patrolmen in punching cards for various offences. A punch over the letter "W" indicates that the holder of the license card has been warned regarding a particular offence. A punch over the letter "A" indicates that the holder of the license card has been arrested. On the margin of the card appears the following:

"Warning: A record of each violation is maintained in the Bureau of Motor Vehicles and the license of habitual violators will be suspended or revoked."

Obviously, the Department of Highways prepared the 1927 operators' license cards intending to treat as evidence of violations of the motor laws punches made by Highway Patrolmen in operators' license cards.

The objection to this course is apparent. The Act of 1919, as amended, provides specifically how persons violating the motor laws shall be prosecuted for offences, what their rights shall be when charged with violations, and under what circumstances licenses may be revoked or suspended. Nowhere in the act has the legislature disclosed any intention of permitting any peace officer's *dictum* that a motorist has violated the law to be regarded as conclusive and as a substitute for the trial of the person charged with an offence before either a justice of the peace, an alderman, a magistrate or a court of record. Indeed, the legislature could not, under the constitutional safeguards which surround the liberty of a citizen of this Commonwealth, effectually repose in peace officers such authority.

Therefore, it is quite clear that even if State Highway Patrolmen or other peace officers could lawfully require holders of operators' license cards to surrender them for the purpose of having them punched, such punch marks could not form the basis for any action to be taken by the Department of Highways in the nature of a revocation or suspension of the license evidenced by the card. These marks, at best, would be only a record of actions of members of the Highway Patrol and could under no circumstances be regarded as evidence of violations of the motor laws by the holder of the card.

However, as previously indicated, under our existing statutes, a peace officer does not have the right to demand the surrender of registration certificates or license cards for the purpose of permitting him to place any marks thereon or to make any punches therein.

We understand that the punch system was inaugurated by the Department of Highways, not for the purpose of oppressing motorists, but for the purpose of rendering it unnecessary to cause arrests to be made for first offences. It was adopted to lessen rather than to increase the severity with which Highway Patrolmen deal with persons operating motor-vehicles on the highways. For this purpose the Department of Highways is to be commended, but, whatever the purpose, the punch system cannot lawfully be continued.

The Department of Highways has full authority to cause Highway Patrolmen to report to the department every case in which a patrolman believes that a motorist has violated the law. The department can keep a record of these reports and can cause information to issue whenever and as often as it deems it advisable to cause arrests to be made. In addition, the new Vehicle Code enacted by the 1927 session of the legislature will, effective Jan. 1st next,

permit members of the Highway Patrol not merely to make reports, but also to arrest on view persons who, in their opinion, have violated the motor laws.

Accordingly, the abandonment of the punch system does not mean that your department will have any less ability to enforce the motor laws than it now has.

From C. P. Addams, Harrisburg, Pa.